CONCURRING AND DISSENTING OPINION BY
JUDGE MeCULLOUGH
I agree with the thoughtful Majority s conclusion that the Trustees are to be reimbursed for the counsel fees and costs they incurred in the underlying litigation, pursuant to Article IV of the Amended and Restated Bylaws of the Pennsylvania State University (University Bylaws). The provisions of Article IV are clear on this point. However, because we have disposed of the merits of the case on this issue, I underscore that we have not reached a determination that the University engaged in dilatory, obdurate or vexatious conduct so as to support a claim for counsel fees pursuant to section 2503(7) of the Judicial Code, 42 Pa.C.S. § 2503(7).[1]
I do not agree, however, and therefore dissent, to the Majority’s conclusion that section C-6 of the Corporate Charter of The Pennsylvania State University (Corporate Charter) provides an additional basis for recovery of counsel fees for the Trustees. To the contrary, I believe that the Charter is silent on this issue.
Conversely, Article 4.02(a)(iv) of the University Bylaws expressly includes counsel fees within the definition of “expenses” that are reimbursable pursuant to the University Bylaws. Given that the Trustees right to relief is clear under the University Bylaws, there is no need to read out words of limitation in the Corporate Charter to provide an additional basis for recovery, and I therefore must respectfully dissent from that portion of the Majority’s opinion.

. The Majority does not reach this issue.